967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen LITTLETON, Plaintiff-Appellant,
v.
DONNA, Head Nurse, Medical Health Services, et al.,
Defendants-Appellees.
 No. 91-15291.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 16, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen Littleton, a former Nevada state prisoner, appeals pro se the district court's judgment following a bench trial in favor of the appellees in Littleton's 42 U.S.C. § 1983 civil rights action.[1] We affirm.
 
 Standard of Review
 
 3
 The trial judge's findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Fed.R.Civ.P. 52(a); Rozay's Transfer v. Local Freight Drivers, Local 208, 850 F.2d 1321, 1326 (9th Cir.1988), cert. denied, 490 U.S. 1030 (1989). We review the district court's conclusions of law de novo. Rozay's Transfer, 850 F.2d at 1326 (citing United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984)).
 
 Adequate Medical Care
 
 4
 Littleton contends that he was denied his eighth amendment right to adequate medical care because prison medical personnel did not provide the special diet that doctors prescribed for him, and denied him medical care because he was African American. This contention lacks merit.
 
 
 5
 To state a section 1983 claim based on a violation of his eighth amendment right to adequate medical care, Littleton must show that the prison officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to serious medical needs means the "unnecessary and wanton infliction of pain." Id. at 104. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain'...." Id. at 105. Delay in providing an inmate a special diet does not constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1112 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 6
 Here, the district court found that prison doctors prescribed a special diet for Littleton after carefully examining him, and the special diet was cancelled temporarily only because Littleton was not following the diet. Moreover, the district court found that (1) Littleton never informed the appellees that the prescribed diet was not being provided; and (2) even if the appellees failed to ensure that Littleton was receiving the proper diet, their conduct was at most negligent but did not constitute deliberate indifference. Finally, the court found that there was no credible evidence of racial discrimination. In his brief on appeal, Littleton has not demonstrated that these findings are clearly erroneous. Accordingly, the district court correctly concluded that the appellees did not deny Littleton his eighth amendment right to adequate medical treatment. See Estelle, 429 U.S. at 104-06; Toussaint, 801 F.2d at 1112.
 
 Right to Subpoena Witnesses
 
 7
 Littleton contends that the district court denied his right to subpoena witnesses for the trial. This contention lacks merit. Although Littleton failed to subpoena witnesses prior to trial, the district court allowed Littleton to telephone potential witnesses to testify on his behalf. Moreover, one witness, Dr. Loth Lieberstein, testified for Littleton at trial via telephone.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Littleton was discharged from prison while this appeal was pending
 
 
 [2]
 In his opening brief, Littleton claimed that he was entitled to relief because the district court denied his demand for a jury trial. Nevertheless, a bench trial was proper because Littleton failed to demand a jury trial at the time of the complaint. See Fed.R.Civ.P. 38(b), (d)